**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL ACTION** |
| | : | **NO. 25-341-01** |
| **MICHAEL SAGGINARIO**<br>**USM#46187-053** | | |

**MEMORANDUM**

**SCHMEHL, J.** **AUGUST 21, 2026**

On July 15, 2025, following the execution of a search warrant at Defendant's residence, Defendant was charged by criminal complaint with one count possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On August 7, 2025, Defendant was indicted by a grand jury on one count possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On August 13, 2025, Defendant was charged in a superseding indictment with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. 922(g)(1). By letter dated August 14, 2025, the government advised the Court and Defendant's previous counsel of the grand jury proceedings in this case. That letter provides, in relevant part:

> The government writes to advise the Court that on Thursday, August 7, 2025, upon reaching a quorum, the Violent Crime Grand Jury convened to conduct its regularly scheduled business and consequently voted three separate indictments, one of which generated the above-captioned case. Following dismissal of the grand jurors that day, the Clerk's Office notified the government that one grand juror, who had been sworn and assigned to the Fraud Grand Jury, inadvertently attended the proceedings before the Violent Crime Grand Jury and participated in that grand jury's vote to return indictments in all three cases. The government takes the position that the presence of that one sworn Fraud Grand Jury juror in the Violent Crime Grand Jury panel does not invalidate the indictments voted by the Violent Crime Grand Jury, nor does it provide a legitimate basis to dismiss any of the indictments under Rule 6 of the Federal Rules of Criminal Procedure.

> Nevertheless, in an abundance of caution, the government endeavored to re-present the evidence underlying those three indictments to a different panel of grand jurors during the week of August 11, 2025. With respect to the case before this Court, on August 13, 2025, a new panel of grand jurors voted a superseding indictment based on the same evidence presented to the Violent Crime Grand Jury on August 7, 2025.

ECF 75, p. 2.

Presently before the Court is the Defendant's *pro se* motion to dismiss the original indictment based on a structural grand jury defect in violation of the Fifth Amendment. The Court heard oral argument on this motion on August 19, 2026. For the reasons that follow, the motion is denied.

Defendant's motion is governed by the recent decision from our Court of Appeals in *United States v. Gussie*, 51 F.4th 535 (3d Cir. 2022). In *Gussie*, the Court determined that the presence of a grand juror in the grand jury panel who was a victim of the defendant's crime did not rise to the level of structural error. The Court first noted that structural error in the grand jury proceeding occurs when the "'structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice.'" *Id*. at 539 quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 257 (1988). The Court noted that the categories of structural errors recognized by the Supreme Court were limited to the "intentional and systematic exclusion of potential grand jurors based on race or sex." *Gussie*, 51 F.4th at 539.

Applying a harmless error analysis by asking whether there is "grave doubt" that "the violation substantially influenced the grand jury's decision to indict" (citations omitted), and recognizing that "any prejudice must be shown to preclude remedies other than dismissal" (citations omitted), the Court determined:

> Like the District Court, we will assume prejudice in the return of the Original Indictment and examine cures short of dismissal. Because if a remedy "neutralize[s] the taint," (citation omitted), of the Original Indictment, then Gussie's claim cannot prevail.

> The District Court correctly concluded that the Superseding Indictment provides that cure. The taint is identifiable and quantifiable: a biased grand juror may have influenced the grand jury's deliberations. Returned by an unbiased grand jury, the Superseding Indictment neutralized that threat. By restarting the legal process with an evidently neutral grand jury, and obtaining a conviction from Gussie's peers, the Government "tailor[ed] relief appropriate [to] the circumstances." *Id.* As a result, there is no harmful error, and Gussie's challenge to the indictment was properly denied.

*Id*. at 539.

If, according to *Gussie*, the presence of a grand juror who was a victim of the defendant's crime does not rise to the level of structural error in the grand jury proceedings, then certainly the inadvertent presence of an unbiased, sworn grand juror who happened to be from a different grand jury panel does not amount to a structural error.

In addition, by convening a new grand jury in this case, the government neutralized any taint that the presence of the wayward juror may have influenced the original grand jury's deliberations. As a result, the Government, as it did in *Gussie*, "tailor[ed] relief appropriate [to] the circumstances."

Accordingly, the Defendant's motion is denied.