**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CRIMINAL ACTION** |
| | : | **NO. 25-341-01** |
| **MICHAEL SAGGINARIO** | : | |
| | : | |

**MEMORANDUM**

**SCHMEHL, J.** **OCTOBER 20, 2026**

On July 15, 2025, following the execution of a search warrant at Defendant's residence, Defendant was charged by complaint with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On July 21, 2025, a bail hearing was held before United States Magistrate Judge Carol Sandra Moore Wells. Following the hearing, Magistrate Wells found that Defendant posed a danger to the community and ordered him detained. On August 13, 2025, Defendant was charged in a superseding indictment with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. 922(g)(1). Defendant then filed a motion for bail with this Court. Following a hearing on November 5, 2025, and after exercising de novo review over the detention order entered by Magistrate Wells and after considering the factors under 18 U.S.C. § 3142(g), the Court found that the government had shown, by clear and convincing evidence, that Defendant presented a danger to the community. Accordingly, the Court denied the Defendant's motion for bail. Defendant appealed the Court's Order denying bail to the United States Court of Appeals for the Third Circuit.

On appeal, the Defndant argued that the Court did not adequately consider imposing conditions on home confinement such as

> House arrest with electronic monitoring;
>
> Third-party custodianship by the defendant's wife;

Restrains on weapons possession;

Random compliance searches by U.S. Pretrial Services;

Signature of a bond by the defendant and a responsible third party;

Reporting as directed to U.S. Pretrial Services; and

Computer monitoring by U.S. Pretrial Services.

[ECF 89.]

As a result, the Court of Appeals remanded this matter to this Court for the limited purpose to "make[s] specific findings of fact as to whether some combination of these proposed conditions, or any others, could assure the safety of the community." *Id*. The Court offered to hold a hearing on whether a combination of any of the above conditions could assure the safety of the community but both the government and the Defendant declined and elected to proceed on the current record. The government continues to oppose the release of Defendant on bail under any conditions.

The most important fact in this case is that as an admitted convicted felon, Defendant knew he was prohibited from possessing any firearms. Yet, despite this admonition, Defendant has demonstrated that he will not comply with the law by continuing to flagrantly possess firearms and ammunition at his residence. Indeed, the post-arrest evidence found at the defendant's home pursuant to a search warrant is significant. In addition to seizing the weapon that is the subject of this indictment, a fully loaded Rohm revolver pistol that was found in an adult-sized backpack in the first-floor dining/living room area, the officers seized two semi-automatic firearms (an AR-style rifle and an AK-style rifle) and a pistol from Defendant's bedroom. The officers also seized 30 rounds of Barnaul ammunition[1] from the AK-style firearm as well as material used for 3D-printing. These loaded weapons were not only unsecured but

1 Barnaul is a Russian ammunition manufacturer that produce a wide variety of steel-cased cartridges for civilian and military use.

scattered throughout Defendant's residence in easy reach of Defendant's children. The Court believes that a potential tragedy was averted and does not wish to tempt fate a second time by releasing Defendant to home confinement where he could still could, despite electric monitoring restraints, have access firearms. They also found numerous types of chemicals, and electronic parts that could have lawful uses but could also be a precursor for explosives and/or explosive devices to which Defendant would still have access if he were subject to house arrest. Electronic monitoring and home confinement simply do not guarantee that Defendant will not endanger the community.

A photo obtained from Defendant's cellphone shows Defendant launching a projectile from a replica of a World War II rocket launcher. ECF 37, p.9.

In addition, purchase records received from eBay reveal that Defendant made numerous firearms, ammunition and chemical related purchases between 2020 and 2023. These purchases include:

**Firearm or Ammunition Related Purchase**

x LOT OF 4 New 1911 & Clones 1911A1 BLUED Grip Screw Bushings MADE IN THE USA! (14 January 2020)
x 1911 Plunger Tube Spring Full Size Government 45 ACP – New (18 February 2020)
x 1911 45 Black Warrior 3 Dot Sights Part#4565B (28 February 2020)
x Rock Island Armory 5" Full Size 19112 Slide .45 ACP Ext Dbl Wide Serrations SF (10 April 2020).
x X400V-IR Weaponlight LED White Light & IR Laser Infrared Output Red Laser Sight3 (21 April 2020) x DURAGRIPS - Colt Kimber Taurus RIA S&W Sig 1911 Full Size Grips - WASP NEST (24 April 2020)
x 1911 Thread Protector 37/64 x 28 .578 x 28 USA Made Free Shipping #4176 (27 April 2020)
x Flambeau Small Pistol Handgun Gun Hard Protective Case Airline TSA Tan 1109HD-T (29 April 2020)
x Umarex RWS Model 3500 .22 Caliber Wood Stock Air Rifle (Refurb) (5 May 2021)
x JSB MATCH DIABOLO EXACT JUMBO .22 CALIBER PELLETS 250 EA 15.89 grain DOMED (8 May 2021) x Tin Ingots, 1LB of 96% TIN. Pewter, Jewelry, Hobbies, Reloading, Casting (12 August 2021)
x LEE Mold single Cavity bullet Mold 230 Grain Bullet Mold 45 ACP (21 August 2021)

**Chemicals/Chemistry related materials:**

x 7pcs/Pack Mixed Size PTFE Magnetic Stirrer Mixer Stir Bar White Color 1-3.5cm (18 March 2020)
x Magnetic Stirrer With Heating Plate Hotplate Digital Mixer Stir Bar Lab SH2 85-2 (18 March 2020)
x 5pcs 24/40 Glass Stopper Lab Bottle Plug Laboratory Chemistry Glassware (18 March 2020)
x 250ml,24/40, Glass Separatory Funnel, Pyriform, PTFE Stopcock, W/Both Ground Joints (19 March 2020) x 150ml,24/40, Glass Buchner Funnel,3# Coarse Filter, Hose Connection, Lab Glassware (19 March 2020)
x 1L 2L 24/40 Glass Erlenmeyer Flask Chemistry Conical Bottle Laboratory Glassware (4 April 2020) x 24/40 Three way Glass adapter 75 degree Distillation Head Chemistry Labware NIUS (20 April 2020)
x 24/40 Glass Thermometer Adapter W/Threat Ground Scock Joint Lab Accessories TO (20 April 2020) x 10 ML Glass Graduated Dropper with Rubber Head Cap Pipette Transfer Lab Supplies (26 April 2020) x 5Pcs Set 5 10 25 50 100ml Lab Glass Beaker Set Laboratory Measuring Glassware (26 April 2020)
x 24/30 3way Glass adapter 75degree Distillation Head Chemistry Labware Too SE (9 October 2020)
x Air-Tite 7.102-33 Reusable Glass Syringe, Glass Luer, 5 ML (19 November 2021, 15 January 2022)
x Erlenmeyer Flask, 24/40 Ground Glass Joint, 500ml (19 November 2021)
x Dupont Tychem Tyvek QC127S Yellow Coverall Chemical Hazmat Suit (3 September 2022)
x Potassium Hydroxide / 8 Ounces / 2 Bottles / 99% Pure Food Grade / Fine Flakes (26 November 2023)
x Military Issued Protective Chemical Glove Set-NEW-M (31 March 2024)

**Tools and Materials**

x Antique tool, hand drill bit brace. Pre owned (5 May 2020)
x 11 Piece Disc Cutter (Pack of 1) TJ-43334 (30 December 2020) USA010577
x 5mm Hole Punch Tool Sheet Metal Panel Flanging Joggler Plier Crimp Riveting Tool (3 May 2021)
x 1-3/3” OD x 12”-Long x 1/8” Wall 6061 Tg511 Aluminum Round Tube[1]1.750” OD (10 June 2021)
x 3.00” OD x ¼” Wall 6061 Aluminum Round Tube x 3”Long, 2.5” ID (22 May 2023)
x Vintage NOS Stewart-Warner Alemite Model C-1033 Grease Gun for Pin Fittings (4 September 2023)

**Tactical and War/Military Memorabilia**

x M35 German helmet ET64 ww2 w liner (10 June 2020)
x WWII German Heer Army Waffen Sani Medic M35 M40 M42 Helmet Decal Set (17 December 2020) x WWII German Heer Army M35 M40 Helmet Decal Set (29 December 2020)
x WW2 Japanese army steel helmet with liner, kanji, and chintie (7 November 2021)
x Original Soviet Combat Helmet SSH-40 Steel Green Russian Army Military

Surplus (7 November 2021)
x Genuine Polish military visor hat Poland army officer peaked cap Olive NEW (20 April 2022)
x Tactical morale military Ukrainian army patch "Ukrainian Valkyrie" (8 May 2022)
x Army Radio Sets AN/VR-8,9,10 1951 Tech Manual TM-11-286 Schematics Inst #F (14 May 2022)
x Ukrainian Kraken Special Unit 3D PVC Patch – Octopus Territorial Ukraine Chevron (13 September 2022)4
x Special Operations Forces of Ukraine – Azov, 300 Hryven 2022 UNC Souvenir Money (16 September 2022)
x Banknote of Ukraine 300 hryvias bona Aazzow Regiment Army of Ukraine (29 October 2022)
x New Baofeng UV5R F8HP 144/430MHz Dual Band HIGH-GAIN Antenna NA771 SMA Nagoya (10 June 2023)
x Reproduction WW2 German soldier's wallet (17 June 2022)
x T-shirt Azov5 (heart heart)!!!! (26 April 2023)
x PEW Tactical Radio Pouch Gridlok BAOFENG/POFUNG UV5R UV82 Talkie Walkie Hunting (20 June 2023)

[ECF 35-1, ¶ 20.]

Records from eBay also revealed that Defendant "purchased a 3D printer, numerous polypropylene sheets, and numerous 3D printer parts between 2020 and 2023 which were shipped to the SUBJECT PREMISES." *Id.*, ¶ 28. According to Special Agent Cardario, "[o]n February 7, 2024 and May 15, 2024, FBI Agents of the FBI Philadelphia Division conducted a trash cover of the trash and recycling left for collection at the SUBJECT PREMISES. *Id.*, ¶ 30. On both occasions, agents recovered empty 3D printer filament boxes from Defendant's trash." *Id*. Special Agent Cariola averred that "[b]ased on my training and experience related to 3D printed firearms, I believe that the 3D printer components purchased by [Defendant] could be used to produce the lower receiver of firearms and other firearms parts." *Id.*, ¶ 28 n.8. Electronic monitoring and home confinement simply do not guarantee that Defendant will not endanger the community especially where he certainly has the means to do so. *See, e.g. United States v. Nikparvar-Fard*, No. 18-101-1, 2019 U.S. Dist. LEXIS 117710, at *20 (E.D. Pa. July 11, 2019) ("[C]ourts throughout the Third Circuit have recognized, although electronic monitoring can shorten the time between flight and detection, it provides no assurance against flight at a propitious time or of apprehension once flight is undertaken.") (internal quotations and citation

omitted).

In 2020, the FBI received information from Meta, pursuant to 28 U.S.C. section 2702 that revealed that Defendant "was seeking instructions for a destructive device and that he claimed to be in possession of numerous firearms and in the process of constructing a 'mortar.'" ECF 35=1, 16.

"A danger to the community does not only include physical harm or violent behavior." *United States v. Abdullahu*, 488 F. Supp. 2d 433, 438-39 (D.N.J. 2007) And while Defendant has never been charged with a violent crime the present charge represents conduct that can fairly be categorized as fomenting violence. Finally, Defendant's course of conduct in possessing firearms despite being aware that he is strictly prohibited from doing so demonstrates that he has been unwilling to abide by the law.

Granting third-party custodianship to Defendant's wife is not appropriate as many of the weapons seized were found in the bedroom she shares with Defendant. In addition, there is no evidence that Defendant's wife is able to adequately supervise Defendant considering she works as a court-security officer in New York state for 12 hours a day. *See United States v. Bey*, No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015) ("[T]he mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered....") The Court also notes that the service revolver belonging to Defendant's wife was found unsecured on top of a cabinet in the Defendant's bedroom.

While having restraints on Defendant possessing weapons sounds like a remedy, the record reveals that Defendant is not employed and has had no trouble accumulating firearms and ammunition in the past. Defendant also has a 3-D printer which, according to Special Agent Cardario can be used to produce the lower receiver of firearms and other firearms parts. Random compliance by U.S. Pretrial Services and requiring Defendant to report to U.S. Pretrial

Services does not cover the gaps when U.S. Pretrial Services is not making random compliance checks. And while the signature of a bond by the Defendant might mitigate any risk of flight, the court is not concerned with risk of flight but rather danger to the community. Finally, even if Pretrial Services confiscated or monitored Defendant's devices, the agency could not reliably prevent him from accessing the Internet on devices owned by others, or from purchasing or borrowing new devices.

For these reasons, the Court finds that no combination of the conditions proposed by the Court of Appeals, or any others, could assure the safety of the community.